IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DANIEL R. SCHNEIDER,

                              Plaintiff,                                    OPINION & ORDER

          v.                                                                      15-cv-263-jdp

MEGAN J. BRENNAN, and
UNITED STATES POSTAL SERVICE,

                              Defendants.

Plaintiff Daniel R. Schneider contends that while working for the United States Postal Service (USPS) in Franklin, Wisconsin, he faced discrimination and harassment because of his disability and that his employer disseminated information regarding his disability to other employees. He brings this suit against the USPS and Postmaster General Megan J. Brennan alleging violations of the Rehabilitation Act, 29 U.S.C. § 794a, and the Privacy Act, 5 U.S.C. § 552a. (The court will refer to the defendants together as "USPS.")

The issue before the court is where this case should be litigated. Franklin is in the Eastern District of Wisconsin, and Schneider lives in Florida. USPS has moved to transfer the case to the Eastern District. USPS contends that venue in the Western District is improper under the Privacy Act's venue statute, and that although venue for the Rehabilitation Act claim would be proper in either district, the Eastern District is a more convenient forum and the only district where the claims could be heard together. Schneider opposes the transfer. Defendants' motion will be granted, and the case will be transferred to the Eastern District of Wisconsin.

The Privacy Act has a venue statute that allows suit in four locations: where the plaintiff resides; where the plaintiff has his principal place of business; where the agency

records are situated; or the District of Columbia. 5 U.S.C. § 522a(g). Under the facts of this case, venue would be proper only in the Eastern District or in the District of Columbia. Venue for Schneider's Rehabilitation Act claim would be proper in either the Western or the Eastern District. But the interests of justice and the balance of convenience strongly favor transfer of both claims to the Eastern District, where Schneider's claims can be resolved together.

ALLEGATIONS OF FACT

On a motion to dismiss for improper venue, the court may consider the allegations of complaint and information submitted by affidavits. *See Cont'l Cas. Co. v. Am. Nat. Ins. Co.*, 417 F.3d 727, 733 (7th Cir. 2005). The court will accept as true the allegations in the complaint unless they are contradicted by affidavits. *See Faulkenberg v. CB Tax Franchise Sys., LP*, 637 F.3d 801, 809-10 (7th Cir. 2011). The court resolves all factual disputes and draws all reasonable inferences in the plaintiff's favor. *Id.* at 806. In this case, although USPS disputes the substantive allegations, the facts relevant to the transfer analysis are undisputed.

Schneider worked for USPS in various positions and locations since 1988. In 2009, he lived and worked in Madison, Wisconsin. Schneider suffered from depression, which in 2011 led him to take a less stressful position with USPS in Franklin, Wisconsin. He commuted approximately 80 miles from his Madison home to his work in Franklin. The commute itself was stressful, and Schneider applied for lateral positions in Madison, but his applications were unsuccessful. Schneider alleges that he sought other reasonable accommodations of his disability, but that his requests were denied and that he was met with harassment and retaliation. He also alleges that during the course of this conflict, his USPS supervisors

2

improperly disclosed his confidential health information to other USPS employees. Schneider took a disability retirement in 2013 (unwillingly, he alleges). In 2014, he moved to Florida, where he currently resides.

Schneider's daughter lives in Janesville, Wisconsin, which Schneider regards as his "second home." Dkt. 12. Schneider spent approximately five weeks in Wisconsin in the year after he moved to Florida, which Schneider concedes is his "primary residence." Schneider plans to stay with his daughter if his presence is required for this litigation, and he contends that a commute from Janesville to Milwaukee, rather than to Madison, would cause him "additional stress." (The court takes judicial notice that the distance from Janesville to Milwaukee is approximately 70 miles; Janesville to Madison is approximately 40 miles.) Schneider lists six medical providers and six friends who live in the Madison area who may testify on his behalf, although he does not describe the subject of their testimony in detail.

USPS manages most of its Wisconsin postal operations from the Lakeland District Office in Milwaukee. Dkt. 8. The records pertinent to this case are maintained either at the Lakeland District Office, the Franklin post office, or a centralized record facility in Greensboro, North Carolina. The majority of the USPS employees most involved in this matter are still employed by USPS in the Milwaukee area; some have left USPS; none are located in the Western District of Wisconsin.

This court has subject matter jurisdiction under 28 U.S.C. § 1331 because the action arises under federal law.

ANALYSIS

Schneider's complaint alleges violations of the Rehabilitation Act and the Privacy Act. Both acts have venue statutes. USPS contends that the venue provision of the Privacy Act would not allow this suit in the Western District, and thus it has moved to dismiss or transfer that claim for improper venue, pursuant to 28 U.S.C. § 1406(a). For the Rehabilitation Act claims, USPS agrees that venue would proper in the Western District, but it has moved to transfer those claims pursuant to 28 U.S.C. § 1404(a).

**A. Privacy Act Claim**

For claims under the Privacy Act, venue is proper in "the district in which the complainant resides, or has his principal place of business, or in which the agency records are situated, or in the District of Columbia." 5 U.S.C. § 552a(g)(5). Schneider contends, without citing any authority, that because he was a resident of the Western District at the time the cause of action arose, the venue statute would allow suit in the Western District. Dkt. 11, at 3-4. The court disagrees.

The general rule is that courts determine venue based on the facts at the time the suit was filed, not when the cause of action arose. *See, e.g.*, *Daughetee v. CHR Hansen, Inc.*, No. 09-cv-41, 2011 WL 1113868, at *4 (N.D. Iowa Mar. 25, 2011) (collecting cases). The court has not found any decision specifically addressing this question in the context of a Privacy Act claim, but the general rule is widely followed. *See id.* District courts within the Seventh Circuit consistently follow the general rule that venue is determined at the time an action commences. *Grinnell Mut. Reinsurance Co. v. Ferando*, No. 09-cv-3224, 2009 WL 4021351, at *5 (C.D. Ill. Nov. 17, 2009) ("[R]esidence for venue purposes is determined at the time the

4

lawsuit is filed."); *see also Abdul-Ahad v. Top Tobacco Co.*, No. 99-cv-4067, 1999 WL 967514, *3 n.2 (N.D. Ill. Oct. 6, 1999) ("[V]enue is determined at the time of filing.").

Schneider concedes that he was a resident of Florida when this suit was filed. Dkt. 12 ¶ 6. The fact that he regards his daughter's residence as a "second home" is immaterial. Thus, venue is not proper in the Western District on the basis of Schneider's residence. The Privacy Act would provide for venue in this district if USPS records were situated here. But USPS has established that its records are stored in the Eastern District and in North Carolina. Dkt. 7. Thus, venue is not proper in the Western District on the basis of USPS records.

The next question is whether the court should dismiss this case for improper venue or transfer it. Section 1406(a) provides that when venue is improper, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." District courts have "broad discretion to grant or deny a motion to transfer the case." *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986). If dismissal may prevent the plaintiff from refiling his claim due to time limitations, "'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized." *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962).

It is possible that Schneider would be time barred from refiling if the court dismissed his complaint. The statute of limitations for the Privacy Act is two years, § 552a(g)(5), and it "starts to run when the plaintiff first knew or had reason to know of a violation." *Davis v. United States DOJ*, 204 F.3d 723, 726 (7th Cir. 2000). This case was filed on May 6, 2015, so the limitations period reaches back to May 6, 2013, about the time Schneider took his disability retirement. Thus, there is a risk that dismissal of the claim at this point could bar

refiling based on the two-year limitation. To avoid this injustice, the court will transfer this claim rather than dismiss it.

Under § 1406(a), the court may only transfer a claim to a district "in which it could have been brought." For reasons explained above, the Privacy Act claim could have been brought in the Eastern District because relevant agency records are located in the Eastern District, which satisfies the venue provision of the Privacy Act. § 552a(g)(5). The Eastern District is also a logical venue to try the claim because all the alleged Privacy Act violations involved disclosures between employees working in the Eastern District.

## B. Rehabilitation Act Claims

USPS does not contest venue for the Rehabilitation Act claim in the Western District. But USPS contends that the court should transfer the Rehabilitation Act claims to the Eastern District of Wisconsin because it is the more convenient forum and because it would be in the interest of justice to try Schneider's claims together. Dkt. 7, at 11-15.

Under § 1404(a) a federal court may "[f]or the convenience of parties and witnesses, in the interest of justice . . . transfer any civil action to any other district or division where it might have been brought." *Id*. In the Seventh Circuit, transfer is proper where the moving party demonstrates that: (1) venue is proper in the transferor district; (2) venue and jurisdiction are proper in the transferee district; and (3) the transfer will serve the convenience of the parties and witnesses and the interests of justice. *Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219-20 (7th Cir. 1986).

The first two requirements for transfer are not contested. For the Rehabilitation Act claims, all agree that venue would proper in the Western District and that the Eastern District is a proper venue with jurisdiction. The Eastern District is a proper venue because

the Rehabilitation Act's venue statute allows suit in a district "in which the unlawful employment practice is alleged to have been committed." 42 U.S.C. § 2000e-5(f)(3). Most of alleged violations occurred in Franklin, in the Eastern District. Thus, whether transfer is appropriate turns on the convenience factors and interests of justice.

### 1.  Convenience Analysis

To analyze convenience, the court considers how accessible the forum is to the parties, the witnesses, and the evidence. *Research Automation, Inc. v. Schrader-Bridgeport Int'l, Inc.*, 626 F.3d 973, 978 (7th Cir. 2010). Schneider's choice of the Western District deserves deference because of an assumed convenience to him. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255-56 (1981). However, "the presumption in favor of the plaintiff's choice of forum is diminished when it is not [his] home forum." *U.S.O. Corp. v. Mizuho Holding Co.*, 547 F.3d 749, 752 (7th Cir. 2008). Courts also give less weight to the plaintiff's choice of forum where the plaintiff selects a forum that is not the situs of material events. *See Piper*, 454 U.S. at 255-56. Schneider filed in the Western District after he had moved to Florida, so Schneider's choice of forum deserves less deference.

His choice of forum also deserves less deference because the situs of material events is the Eastern District. Schneider worked in the Eastern District and requested reasonable accommodations for his work in the Eastern District. Dkt. 1, at 5-14. Alleged retaliation by USPS took place in the Eastern District. *Id*. at 5-15. Schneider alleges that he was constructively discharged from his position in the Eastern District. *Id*. at 13, 15. Because the Western District is neither the situs of material events and nor Schneider's home forum, his choice of forum deserves little deference.

Schneider cites a dozen potential Madison-based witnesses that would be inconvenienced by transferring the case to Milwaukee. The court is not persuaded by Schneider's showing of inconvenience for several reasons. First, Madison is within 100 miles of Milwaukee, so all these witnesses would be within the subpoena power of the transferee court. Second, the distance that these witnesses would have to travel for trial is modest: Milwaukee is less than a two-hour drive from Madison. Third, Schneider does not describe the testimony of any of these witnesses. Schneider makes little showing why each of these witnesses is important (or, in some cases, even minimally relevant). The court can infer why some of his health care providers might testify, but Schneider does not explain why he would need six such witnesses. His family and friends will testify to the extent of his impairments, which would go to damages. But they would have nothing to say about liability. Fourth, Schneider has more or less ignored the inconvenience of the Western District to USPS witnesses, the majority of whom are located closer to Milwaukee. Schneider alleges that these witnesses are the ones who have committed the wrongful acts, and the court regards these witnesses as the most important in the case.

The court is also not persuaded by Schneider's own assertion of inconvenience. If Schneider stays in Janesville for the trial, he will have to commute regardless of whether the trial is in Madison or Milwaukee. Granted, his commute will be 30 miles further to Milwaukee. But this is a minor difference, particularly in light of the fact that he is willing to undertake a case in Wisconsin while he lives in Florida.

In sum, the convenience factors tip somewhat in favor of transferring the case to the Eastern District.

Interests of Justice section

2.  **Interests of Justice**

"The 'interest of justice' is a separate component of a § 1404(a) transfer analysis," and it may be decisive, "even if the convenience of the parties and witnesses might call for a different result." *Coffey*, 796 F.2d at 220 (internal citations omitted). One important consideration is that "related litigation should be transferred to a forum where consolidation is feasible." *Id*. "To permit a situation in which two cases involving precisely the same issues are simultaneously pending in different District Courts leads to the wastefulness of time, energy and money that § 1404(a) was designed to prevent." *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26 (1960). This is such a case.

Because the Privacy Act claims will be transferred to the Eastern District, it is only logical that the related Rehabilitation Act claims be heard by the same court. To decide otherwise would be an extremely inefficient use of judicial and party resources.

Schneider agrees that "judicial efficiency certainly favors a single court hearing all claims it can between the same parties." Dkt. 11, at 13 n.6. But Schneider wrongly argues that the claims could remain consolidated in the Western District. *Id.* at 4. Schneider contends that after this court transfers the Privacy Act claim to the Eastern District, the Eastern District could then transfer the Privacy Act claim back to the Western District to consolidate it with the Rehabilitation Act claims. *Id*. Schneider contends that, "[o]nce properly brought in a venue dictated by a special venue statute, a Privacy Act matter may then be subject to a § 1404(a) transfer." *Id.* at 4 n.4 (citing *Ex Parte Collett*, 337 U.S. 55, 60 (1949); *C-O-Two Fire Equip. Co. v. Barnes*, 194 F.2d 410, 414 (7th Cir.), *aff'd sub nom. Cardox Corp. v. C O Two Fire Equip. Co.*, 344 U.S. 861 (1952); and an unpublished, non-precedential case from the Ninth Circuit).

But Schneider's argument has two defects. First, the cases Schneider cites do not make his argument. Those cases establish only that Privacy Act claims are amenable to transfer under § 1404(a). But they do not establish that § 1404(a) would allow transfer to any other convenient district. Schneider's reading directly contradicts the express language of § 1404(a), which allows transfer only to "any other district or division where it might have been brought." If Schneider could not have filed the Privacy Act claim in the Western District, the Eastern District would not have the authority to transfer it here.

Second, Schneider's proposed procedure offends the principle of judicial efficiency. Why, if all agree that a single court should hear this case, should we undertake to send half of it to the Eastern District, only to have one of the parties move the court to transfer it back? The interests of justice do not require such maneuvering.

Schneider's final argument is that he will get a faster trial in the Western District. That is a factor this court would consider, but it is not sufficient to overcome the inefficiency of trying two closely related claims in different districts.

CONCLUSION

The Western District is not a proper venue for Schneider's Privacy Act claim, and that claim will be transferred to the Eastern District. The Rehabilitation Act claims will also be transferred to the Eastern District so that all Schneider's claims can be resolved in a single case.

ORDER

IT IS ORDERED that:

10

1. Defendants Megan J. Brennan and the United States Postal Service's motion to dismiss or transfer this case, Dkt. 6, is GRANTED.

2. This case is transferred to the United States District Court for the Eastern District of Wisconsin.

Entered January 4, 2016.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

11